J. S73008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHAZ MONTIE MATHIS, | : | No. 1884 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 29, 2015,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001397-2015

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 08, 2016**

Appellant, Chaz Montie Mathis, appeals from the October 29, 2015 aggregate judgment of sentence of 90 to 180 months' imprisonment, with credit for time-served, imposed after he pled guilty to possession with intent to deliver ("PWID") and unlawful possession of a firearm.[1] Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with **Anders v. California**, 386 U.S. 738 (1967), and its progeny. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.[2]

---

[1] 35 Pa.C.S.A. § 780-113(a)(30) and 18 Pa.C.S.A. § 6105, respectively.

[2] The Commonwealth has indicated that it will not be filing a brief in this matter.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows. On April 20, 2015, members of the Erie Police Department arrested appellant after he was found in constructive possession of 28 grams of crack cocaine and a .9 mm handgun in the first-floor entryway of 2218 Plum Street. (*See* criminal complaint, 4/20/15 at 2; criminal information, 6/25/15 at ¶¶ 1-3.) On September 9, 2015, appellant pled guilty to PWID and unlawful possession of a firearm in connection with this incident. As noted, appellant was sentenced to an aggregate term of 90 to 180 months' imprisonment, with credit for time served, on October 29, 2015.[3] On November 5, 2015, appellant filed a post-sentence motion to modify his sentence on the basis that "it was an abuse of discretion to run the sentences consecutive." (Motion for post-sentence relief, 11/5/15 at ¶ 5.) The trial court subsequently granted appellant's motion and ordered that the sentence imposed in the instant matter run concurrent to the sentence imposed at Docket No. 1584 of 2015. This timely appeal followed on November 30, 2015. Thereafter, on July 18, 2016, appellant's counsel filed a motion and brief to withdraw from representation in accordance with **Anders**. Appellant did not respond to counsel's motion to withdraw.

---

[3] The record reflects that on October 29, 2015, appellant was also sentenced to a consecutive term of 12 to 24 months' imprisonment for possession of a controlled substance at Docket No. 1584 of 2015. This sentence is not a subject of this appeal.

- 2 -

In her **Anders** brief, counsel raises the following issue on appellant's behalf.

> Whether [] appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

**Anders** brief at 3.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (citation and internal quotation marks omitted).

Instantly, we conclude appellant's counsel has satisfied the technical requirements of **Anders** and **Santiago**. Counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel has also raised one discretionary sentencing issue that could arguably support an appeal, but ultimately concludes that the appeal is wholly frivolous. Counsel has also attached to her petition a letter to appellant, which meets the notice requirements of **Millisock**. Accordingly, we proceed to conduct an independent review of the record to determine the accuracy of counsel's conclusion that this appeal is wholly frivolous.

Appellant argues his sentence of 90 to 180 months' imprisonment is "manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code . . . given the mitigating factors of his case." (***Anders*** brief at 7.) Appellant avers that the trial court should have addressed "the fact that he took responsibility for his action by entering a plea of guilty and the fact that he is a caregiver for his elderly mother who recently suffered a stroke." (***Id.*** at 7-8, citing notes of testimony, 10/29/15 at 13.) Appellant further contends the trial court erred in failing to consider the factors set forth in 42 Pa.C.S.A. § 9721(b).[4] (***Id.*** at 8.)

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and

---

[4] Read in relevant part, Section 9721(b) provides that:

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

(4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant has filed a timely notice of appeal and has preserved his sentencing issue, albeit sparingly, in his post-sentence motion. Appellant's counsel has also included a statement in her *Anders* brief that comports with the requirements of Pa.R.A.P. 2119(f). (*See Anders* brief at 4-6.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted).

Appellant's claim, at best, merely suggests that the sentencing court should have either given different weight to the various circumstances before it imposed the sentence. Generally, "a claim that the sentencing

court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." **Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa.Super. 2015), **appeal denied**, 126 A.3d 1282 (Pa. 2015) (citation omitted). Likewise, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa.Super. 2013) (citation omitted).

However, to the extent that appellant argues that the trial court imposed an excessive sentence without considering the relevant factors set forth in Section 9721(b), including his rehabilitative needs, we find that this portion of his claim does present a substantial question. **See, e.g.**, **Caldwell**, 117 A.3d at 770 (stating, a challenge to "consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider [the] rehabilitative needs" of the appellant presents a substantial question). Accordingly, we proceed to consider the merits of this discretionary aspects of sentencing claim.

When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the [a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for

reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "[This Court must accord the sentencing court great weight as it is in [the] best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Contrary to appellant's claim, the record reveals that the trial court properly considered and weighed all the relevant factors of Section 9721(b) in fashioning appellant's standard-range sentence. Specifically, at the October 29, 2015 sentencing hearing, the trial court reasoned as follows:

> The court has considered the Pennsylvania Sentencing Code, the presentence [("PSI")] report, and the Pennsylvania Guidelines on Sentencing. [The c]ourt has also considered [appellant's] age, his background, his character and rehabilitative needs, the nature, circumstances, and seriousness of the offense, the protection of the community and statements of [appellant's] counsel, [appellant], the witness for [appellant], and the attorney for the Commonwealth.
>
> [The c]ourt acknowledges [appellant's] acceptance of responsibility, his plea of guilty, and notes that such, hopefully, is the first step toward rehabilitation. The court has grave concerns, however, because [appellant] does have a prior criminal history[,] which gives him a prior record score of five. What concerns the court even more is the fact that prior criminal history involves drugs,

guns, and violence, and [appellant] is now back before the court for offenses involving drugs and guns.

There is no doubt, [appellant], you knew full well what you were doing was wrong. You had been convicted of offenses similar to these in the past. You knew what the consequences were likely to be, but you were willing to take the risk because apparently the rewards, in your mind anyway, were at least worth the chance that you may or may not be caught. You eventually were apprehended obviously and are before the court now. And it appears you are willing to accept the consequences of your actions.

The court would have thought that you, being [an] intelligent man, would have made a different decision and would have realized that, look, I did this before, it's wrong, I have been caught before, I've got to go to a state penitentiary, I have been on parole before, and I can't do this again. It's not only against the law, but it's certainly not in your best interests.

But that's not the decision you made. You made a decision to do it again and to involve yourself in drugs and guns once more. You know as well as anybody that this poison is taking a heavy toll on our community. You know as well as anybody that loaded guns have led to violence in our community.

And you know as well as anybody, if you wanted to, you could probably be a pretty good role model on the right side of the law, but you've chosen to be a role model on the other side. And young people in the community see you out there dealing drugs and carrying guns. It's a good idea for you; it's a good idea for them. That is indeed unfortunate because I think you've wasted a great deal of potential and you're going to spend a significant amount of time sitting behind bars doing no good to anyone including yourself.

At this point it's apparent that you must be incapacitated because you continue to engage in this behavior, and that you've had the opportunity on a number of occasions to change and either aren't willing or haven't been able to do so.

The court will order the following sentences: They will be from the standard range of the sentencing guidelines because you pled guilty and accepted responsibility, although I would note, based on your past history, there would be reason to go into the aggravated range, but the court will give you the benefit of the standard-range sentence at this time.

Notes of testimony, 10/29/15 at 16-18.

The record further reflects that the trial court was in possession of a PSI report. Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014), ***appeal denied***, 95 A.3d 275 (Pa. 2014) (citation omitted).

Based on the foregoing, we agree with counsel's assessment that this appeal is wholly frivolous and that appellant is entitled to no relief on his discretionary aspects of sentence claim. Accordingly, we grant counsel's petition to withdraw and affirm the October 29, 2015 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

J. S73008/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/8/2016